SWANSON, J.,
dissenting in part and concurring in part.
In reversing the trial court’s decision, the majority concludes the Bert Harris Act does not apply in this case because appel-lees’ property was not subject to any governmental regulatory action and there is no language in the Act allowing for claims based on non-regulatory governmental actions. I disagree. The trial court properly found that appellees were entitled to relief under the Act because their property was directly and adversely affected by governmental regulatory action.
While acknowledging appellees’ assertion that appellant rezoned the property for the fire station without notice to them, the majority dismisses this point in two footnotes by stating there is nothing showing that appellees challenged the rezoning decision based on lack of notice, the issue has no relevance to appellees’ ability to maintain a cause of action under the Act, and any cause of action under the Act based on this rezoning would be untimely. I cannot agree. It is difficult to see how appellees could have challenged a rezoning decision when they had no notice of it. Moreover, it is difficult to conceive how appellees could have claimed any damages under the Act based on the rezoning decision until appellant actually constructed the fire station on the rezoned property. When viewed together, appellant’s rezoning decision without notice and its subsequent construction of the fire station constituted a governmental regulatory action for purposes of the Act.
Furthermore, appellees were entitled to relief under the Act because their property was directly and adversely affected by the appellant’s action. Section 70.001(1) of the Act states that “it is the intent of the Legislature that, as a separate and distinct cause of action from the law of takings, the Legislature herein provides for relief, or payment of compensation, when a new law, rule, regulation, or ordinance of the state or a political entity in the state, as applied, unfairly affects real property.” (Emphasis added.) There is no question that appellant’s regulatory action of rezoning the property without notice to appellees and, more importantly, constructing the massive fire station on the rezoned property unfairly affected appellees’ adjoining real property by decimating its value.
Section 70.001(2) further provides that “[w]hen a specific action of a governmental entity has inordinately burdened an existing use of real property ..., the property owner of that real property is entitled to relief, which may include compensation for actual loss to the fair market value of the real property caused by the action of government, as provided in this section.” The term “action of a governmental entity” is defined as “a specific action of a governmental entity which affects real property, *896 including action on an application or permit.” § 70.001(3)(d), Fla. Stat. (2012). The terms “inordinate burden” or “inordinately burdened” are defined to mean that:
an action of one or more governmental entities has directly restricted or limited the use of real property such that the property owner is permanently unable to attain the reasonable, investment-backed expectation for the existing use of the real property or a vested right to a specific use of the real property with respect to the real property as a whole, or that the property owner is left with existing or vested uses that are unreasonable such that the property owner bears permanently a disproportionate share of a burden imposed for the good of the public, which in fairness, should be borne by the public at large.
§ 70.001(3)(e)l., Fla. Stat. (2012). Appellant’s action clearly qualified as an “action of a governmental entity” insofar as it constituted a specific action of a municipality affecting appellees’ real property. Furthermore, appellant’s action “inordinately burdened” appellees’ property by directly restricting the use of appellees’ property such that appellees were unable to attain the reasonable, investment-backed expectation for the existing use of their property. The statutory phrase “directly restricted or limited the use of real property” is properly construed to refer to the issue of causation and simply requires the action of a governmental entity to immediately and detrimentally affect the value of real property without the intervention of other factors.
The majority cites two additional sections of the Act as support for its conclusion that a cause of action does not arise without the application of a regulation to a claimant’s property. First, it cites section 70.001(3)(e)2., which provides: “In determining whether reasonable, investment-backed expectations are inordinately burdened, consideration may be given to the factual circumstances leading to the time elapsed between enactment of the law or regulation and its first application to the subject property.” Second, it cites section 70.001(11), which states: “A cause of action may not be commenced under this section if the claim is presented more than 1 year after a law or regulation is first applied by the governmental entity to the property at issue.” Neither section purports to define what constitutes a cause of action under the Act. The first merely states what “may” be considered in determining whether reasonable, investment-backed expectations are inordinately burdened. The second is merely a statute of limitations for situations where a law or regulation is applied for the first time to a piece of property.
Considering the explicit expression of legislative intent and viewing the Act as a whole, I must conclude the Act was intended to provide relief in this case where the rezoning of property without notice and, more importantly, the construction of a massive fire station on the rezoned property significantly reduced the fair market value of appellees’ adjoining property. In holding to the contrary, the majority has construed the Act far too narrowly, denying relief where a governmental regulatory action unfairly affects real property by forcing a private property owner to bear the burden of an economic loss for the benefit of the public. Under the majority’s interpretation, governmental entities are free to disregard the legitimate interests and vested rights of adjacent landowners when deciding to locate jails, landfills, airports, waste incinerators, sewage treatment plants, power plants, and other facilities in residential areas not previously zoned for such uses. Because I cannot conclude the Legislature intended such an unfair result, I respectfully dissent from *897 the majority’s reversal of the trial court’s order. However, I concur in certifying the question of great public importance to our supreme court.